STATE of Missouri,
Plaintiff–Respondent,

v.

David Lane WHITE,
Defendant–Appellant.

No. 52862.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 12, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
May 6, 1988.

Application to Transfer Denied
June 14, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his convictions by a jury of murder in the first degree, armed criminal action, and unlawful use of a weapon (concealment) and his resultant concurrent sentences of life without parole, 10 years and 10 years. We affirm.

Defendant's only challenges are to the process for selection of the jury. Defendant killed his estranged wife, a Head Start teacher, by stabbing her in her classroom in the presence of her students. Defendant was having financial difficulties and was employed only part-time.

■ Defendant first contends that the trial court unduly restricted his voir dire examination of veniremen. He states that the trial court restricted him from inquiring whether any prospective jurors would harbor a prejudice against defendant because of his unemployed status and inability to pay bills. Initially defendant inquired whether any veniremen had "gone through a period of unemployment in your life that caused any amount of stress on yourself or in a relationship." No objection was lodged to that question and one venireman responded to it. Defendant next inquired, "Is there anybody here who's had problems with themselves personally or in a relationship or knew—know people who had such problems where there were past-due bills." Objection was made to that inquiry. Counsel stated she would rephrase the question as to whether "these types of situations would cause stress in any relationship." Objection to this line of questioning was sustained.

The extent of questioning on voir dire rests largely in the trial court's discretion. We reverse only for an abuse of that discretion. *State v. Taylor*, 714 S.W.2d 767 (Mo.App.1986) [7]. We share the trial court's expressed doubts of the materiality of this questioning. It would appear axiomatic that when one spouse kills the other there has existed a stress in the marital relationship. Its source is of no real consequence and its existence is largely irrelevant in the absence of a defense of mental incapacity or diminished responsibility, neither of which was asserted here. The question is such as to virtually compel an affirmative answer from any venireman and the resultant follow-up inquiries would unnecessarily prolong the voir dire examination over an essentially extraneous matter. We find no abuse of discretion.

■ Defendant also challenges the court's failure to conduct individual voir dire of veniremen who indicated they had been exposed to pre-trial publicity or domestic violence. The trial court advised the venire panel that if any venireman felt his answer to a question was of a personal nature and he would be bothered or embarrassed by discussing it openly that the matter would be taken up at the bench. No question on domestic violence was asked the veniremen. The question of pre-trial publicity was extensively explored during the voir dire and nothing in the record reflects any hesitancy by any venireman to discuss it nor any reason why any venireman should be reluctant to discuss it. *State v. Chaney*, 663 S.W.2d 279 (Mo.App. 1983) [16–18]. We find no abuse of discretion in denying individual voir dire.

■ Defendant finally challenges the jury panel on the basis that the prosecution utilized its peremptory challenges to strike black jurors contrary to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986). The total venire subject to peremptory challenges consisted of twenty-seven people—fourteen white and thirteen black. The prosecution struck four black veniremen, two white veniremen, and a black alternate. The defendant struck two black veniremen, four white veniremen and a white alternate. The final jury consisted of seven whites, five blacks and a black alternate. The defendant and his victim were both black. The victim left seven black children surviving. The prosecutor gave reasons for each of his challenges and defendant offered at trial no demonstration or statement that the reasons given were pretensive. The reasons given were legitimate and non-racial.

In *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987), the court stated that the prosecutor's explanations are to be considered in

determining whether the *prima facie* case referred to in *Batson* has been established. We find no basis for finding the existence of a *prima facie* case here. The prosecution strikes were not disproportionate to the number of blacks on the venire, and the explanations given for those strikes did not evidence racial discrimination. The prosecution neither utilized all its strikes against blacks nor utilized its strikes to remove all blacks from the jury. The defense did not assume its burden of showing that the strikes made were pretensive as required by *Batson.* That showing is to be made at trial, not attempted for the first time on appeal. *Batson,* and *Antwine.*

Judgment affirmed.

KAROHL, P.J., and KELLY, J., concur.